**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAVID NOVOTNY and SANDRA NOVOTNY,**

        **Plaintiffs,**

**-vs-**          **Case No. 6:12-cv-1666-Orl-28TBS**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

        **Defendant.**
_____

# ORDER

Following an automobile collision in which Plaintiff David Novotny was injured, Mr. Novotny and his wife, Sandra Novotny (collectively "Plaintiffs"), initiated this lawsuit in state court in October 2012 against their insurance company ("Defendant"), seeking uninsured/underinsured motorist benefits. (Compl., Doc. 2). Defendant removed the case to this Court on November 6, 2012 based on diversity of citizenship. (Notice of Removal, Doc. 1). The case is currently before the Court on Plaintiffs' Motion to Remand (Doc. 9) and Defendant's Response (Doc. 12) thereto. Although Plaintiffs do not dispute that the parties are diverse, Plaintiffs assert that Defendant has not met its burden of establishing that the amount in controversy exceeds the $75,000.00 jurisdictional threshold. As set forth below, however, the Court concludes that Defendant has indeed done so.

"Where, as here, the plaintiff[s] ha[ve] not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in

controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 755 (11th Cir. 2010). "Defendants may introduce their own affidavits, declarations, or other documentation . . . ." Id.

When Defendant removed this case, it relied on Mr. Novotny's medical bills (Ex. D to Doc. 1)—which exceeded $83,000—as well as on the fact that Plaintiff was also claiming lost wages and mental anguish. (See Doc. 1 at 1-2). Defendant also attached a June 15, 2012 demand letter to the other driver's insurer in which Plaintiffs' counsel detailed Mr. Novotny's injuries and estimated the value of Mr. Novotny's claim at $500,000-$600,000. (Ex. F to Doc. 1). Additionally, Defendant included a "Civil Remedy Notice of Insurer Violations" that Mr. Novotny filed with the state of Florida against Defendant on July 12, 2012. (Ex. G to Doc. 1). In that Civil Remedy Notice, Mr. Novotny stated in part that he "has suffered significant permanent injuries as a direct result of [the motor vehicle collision at issue]"; that Defendant's uninsured/underinsured motorist policy limits are $250,000; that "the value of [the] case far exceeds the limits of coverage"; that Defendant had offered only $3,000.00 to settle the case; and that Defendant could "resolve this civil remedy notice by immediately tendering the . . . policy limits of $250,000.00." (Id. at 2).

In their Motion to Remand, Plaintiffs argue that the Civil Remedy Notice "is not probative of the value Plaintiff [sic] places on his own claim" but "show[s] only how much the parties disagree on the issue of damages." (Doc. 9 at 6). Additionally, Plaintiffs assert that

Defendant is entitled to offsets under Florida law that would reduce the amount that it may ultimately have to pay to Plaintiffs.  (See id. at 7).  Plaintiffs cite a letter that Defendant sent to Plaintiffs' counsel in response to the Civil Remedy Notice; Defendant stated therein that its evaluation was that Mr. Novotny's claim was within the other driver's insurance carrier's $50,000 limits.  (Ex. A to Doc. 9, at 10).

As Defendant correctly notes, however, courts have held that setoffs and collateral source payments are irrelevant in determining the amount in controversy for jurisdictional purposes.  See, e.g., Black v. State Farm Mut. Auto. Ins. Co., No. 10-80996-CIV, 2010 WL 4340281, at *2 (S.D. Fla. Oct. 22, 2010).  Moreover, "the Court gives preference to Plaintiff's own assessment of the value of h[is] case," and the Civil Remedy Notice and demand letter are relevant and properly considered.  Id.

Based on the documentation in the record, Defendant has met its burden of establishing by a preponderance of the evidence that at the time of removal the amount in controversy exceeded $75,000.00.  Accordingly, the Court has subject matter jurisdiction over this case, and it is **ORDERED** and **ADJUDGED** that the Motion to Remand (Doc. 9) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 14th day of February, 2013.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record